IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Criminal Case No.  02-cr-00541-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3.  ROBERT N. BEDFORD,

    Defendant.

## ORDER ON MOTION FOR JUDGMENT OF ACQUITTAL, OR IN THE ALTERNATIVE, FOR NEW TRIAL

Miller, J.

This matter is before the court on Defendant Robert N. Bedford's Motion For Judgment of Acquittal, Or In the Alternative, For New Trial (doc no 741).  Plaintiff United States of America opposes the motion.  After review of the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motion is denied.

Defendant first requests that I set aside the jury verdict finding Defendant guilty of a single charge of conspiracy and enter a judgment of acquittal.  I conclude that, contrary to Defendant's argument, the evidence presented, together with reasonable inferences, was sufficient for a reasonable jury to find Defendant guilty beyond a reasonable doubt and, therefore, the jury verdict should stand.

Defendant next argues that the admission of certain evidence constituted reversible error and, but for the admission of this evidence, the quantum of evidence required to sustain a conviction would have been lacking.  I disagree.  Even without the evidence

identified by Defendant, the government's evidence was sufficient to sustain Defendant's conviction.  Moreover, I disagree that the Defendant's asserted errors in the trial require entry of judgment of acquittal or granting of a new trial.

Rule 33 of the Federal Rules of Criminal Procedure permit me to grant Defendant a new trial "if the interests of justice so require."  For the reasons that follow, I conclude that none of the alleged errors identified by Defendant, alone or in combination, satisfies this standard:

1.  <u>Evidence that Defendant represented he had a J.D. degree</u>:  This misrepresentation was relevant to show the absence of mistake in other instances in which Defendant represented that he was an attorney.  This conduct was alleged to be a part of the conspiracy at issue.  Accordingly, I discern no error in the admission of this evidence.

2.  <u>Exhibit and expert testimony concerning fees charged in summarized tax returns</u>: This evidence was relevant and admissible.  Defendant's asserted grounds for error go to the weight of the evidence, not the admissibility.

3.  <u>Refusal to give Defendant's theory of the case instruction</u>:  Defendant sought an instruction concerning his belief and understanding of the program constituting the fraudulent tax scheme.  Because there was insufficient evidence of Defendant's state of mind, I see no error in rejecting the proffered instruction.

4.  <u>Refusal to give instruction on offshore accounts and definition of attorney</u>:  The rejected definitions were potentially confusing or misdirected and I conclude there was no error in excluding them.

5.  <u>Jury instruction on agency</u>:  Defendant contends that it was error to instruct the jury

on certain principles of agency.  In light of Defendant's defense that he did not personally sign certain tax returns, I conclude that this instruction was proper.

6. <u>Refusal to grant mistrial when witness referred to previous trial</u>:  For the reasons stated in my ruling on Defendant's original motion seeking a mistrial, I cannot conclude that the witness's statement impaired Defendant's right to a fair and impartial trial.

7. <u>Admission of email from Les Retherford to Defendant after conclusion of conspiracy</u>:  Although I excluded this exhibit from the first trial, I was not bound by that determination in the retrial of Defendant.  The evidence was relevant and admissible and does not justify setting aside the jury's verdict.

Accordingly, it is ordered:

1. Defendant Bedford's Motion For Judgment of Acquittal, Or In the Alternative, For New Trial (doc no 741) is denied.

DATED at Denver, Colorado, on May 4, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge