IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 09-cv-02117-WDM
Criminal Action No. 02-cr-00541-WDM

UNITED STATES OF AMERICA,

v.

3.     ROBERT N. BEDFORD,

　　　　Movant.

---

ORDER DENYING MOTION TO RECUSE

---

　　　　Movant, Robert N. Bedford, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who, according to the inmate locator on the BOP website, www.bop.gov, currently is incarcerated at the United States Penitentiary in Atlanta, Georgia.  Mr. Bedford has filed *pro se* a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  He also filed on September 4, 2009, a motion titled "Motion to Disquality [sic] Judge in Proceedings to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" in which he asserts that the Court is biased against him.

　　　　The Court must construe Mr. Bedford's filings liberally because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will construe the motion to disqualify filed on September 4 liberally as a

motion to recuse pursuant to 28 U.S.C. §§ 144 and 455, and will deny the motion.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Bedford's allegations that the Court is biased because he disagrees with the

Court's rulings in his criminal action are not sufficient to demonstrate that disqualification is appropriate pursuant to either 28 U.S.C. § 144 or § 455(a).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  The Court finds that Mr. Bedford's disagreement with the Court's prior rulings is not a proper basis for recusal.  Therefore, the motion to recuse will be denied.  Accordingly, it is

ORDERED that the motion titled "Motion to Disquality [sic] Judge in Proceedings to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255" filed by Movant, Robert N. Bedford, on September 4, 2009, and which the Court has construed liberally as a motion to recuse, is denied.

DATED at Denver, Colorado, this 11th day of September, 2009.

BY THE COURT:

s/ Walker D. Miller

WALKER D. MILLER, Senior Judge
United States District Court